[Sac. No. 288. Department One.—January 22, 1898.]

In the Matter of the Estate of P. A. STRONG, Deceased; MARY F. FOWLER, Respondent, v. W. B. MILLER, Administrator, Appellant.

ESTATES OF DECEASED PERSONS—RIGHT OF ADMINISTRATION—TRANSFER OF TITLE BY HEIRS—IMPROPER REVOCATION OF LETTERS.—The heirs of a deceased person, who died without debts, or other estate, cannot, by consent that there shall be no administration of real property belonging to the decedent, and by transfer of their title in such real estate, dispense with the rights of administration thereupon; and where letters of administration upon such real property were granted to the public administrator six years after the death of the decedent, the court cannot revoke his letters and set aside the proceeding for administration, because of such agreement and transfer on the part of the heirs, and upon the ground that there was no occasion for administration upon the said estate.

ID.—STATUTORY CONSTRUCTION—OBJECT OF ADMINISTRATION—PROBATE PRO-
CEEDINGS STATUTORY AND SPECIAL—JURISDICTION—IMPROPER DISMISSAL—
RIGHTS OF ADMINISTRATOR.—The whole subject matter of dealing with
the estates of deceased persons is one of statutory regulation, and the
policy and intent of the statute is to subject estates of deceased
persons to administration, for the purpose of ascertaining and pro-
tecting the rights of creditors and heirs and properly transmitting
the title of record, and there is no other method of conclusively
determining the existence or nonexistence of heirs or creditors; and
the proceedings for administration being statutory and special in
their nature, the jurisdiction of the superior court over them is cir-
cumscribed by the provisions of the statute conferring such juris-
diction, and it cannot competently proceed in a manner essentially
different from that provided by statute, nor dispense with further
proceedings nor deprive the administrator of his right to compensa-
tion and reimbursement of costs and expense of administration by
an order setting aside and dismissing the proceedings.

APPEAL from an order of the Superior Court of Sacramento
County revoking letters of Administration, and setting aside
and dismissing all proceedings thereunder. Matt. F. Johnson,
Judge.

The facts are stated in the opinion of the court.

C. H. Oatman, for Appellant.

A. L. Hart, for Respondent.

THE COURT.—The respondent, Mary F. Fowler, in May,
1896, filed a petition in said estate, the material averments of
which were in substance that said decedent died in the state of
Washington in 1890, intestate, without any debts, and leaving
no estate except a certain described piece of real estate in the
county of Sacramento, in this state; that he left as heirs four
adult children, all of lawful age, of whom petitioner was one;
that by mutual consent of said heirs no administration was taken
out upon said estate, but that after the death of said intestate,
and before the grant of letters hereinafter mentioned, the others
of said heirs conveyed all their right, title, and interest in said
property to the petitioner, who took possession and control
thereof, and has since occupied the same.

That in March, 1896, W. B. Miller, the appellant, as public
administrator of said county of Sacramento, regularly applied for
and was granted letters of administration upon the estate of

said deceased, and has since been proceeding to administer upon said estate; that an inventory and appraisement was filed by said administrator, and thereafter an application was made for an order to sell the said real estate to pay the expenses of administration, which application, after proceedings duly and regularly had therefor, was granted, and an order made for the sale of said property, and that in pursuance of said order the administrator was proceeding to advertise and sell the same, and would make such sale unless restrained by the court. It is then alleged that the petitioner "is informed and verily believes that there was no necessity for administration upon the said estate," and that the said administrator "has procured the said letters of administration solely and only for the purpose of deriving to himself the fees which may be allowed him by law, and without respect to the interests of said estate, or the interests of your petitioner." The prayer was that the administrator be required to show cause why his letters and all proceedings thereunder should not be vacated and set aside, and that the contemplated sale be stayed until the final determination of the petition.

The administrator demurred to the petition as stating no cause for relief, which demurrer was overruled and an answer filed, upon which the matter was tried. The court found the facts in all essential respects as alleged in the petition, and, concluding, as matter of law, that there was no occasion for administration upon the said estate, made an omnibus order vacating and setting aside its order appointing the administrator, revoking his letters, setting aside the order of sale of real estate, and generally all other orders and proceedings in the estate, and directing that the administration upon the said estate cease and determine, and awarding costs of the proceeding against the administrator. From this order the appeal is taken.

The facts alleged and found are clearly insufficient to warrant the action taken by the court below. Whatever the law may be in other jurisdictions, there is nothing in our probate law which would, either expressly or by implication, exempt the property of this estate from the requirement of administration. The whole subject matter of dealing with the estates of deceased persons is one of statutory regulation, and the policy and intent of our statute very clearly contemplates that property of decedents

left undisposed of at death (except in the instance of the homestead, acquired under certain circumstances as provided for in section 1474 of the Code of Civil Procedure) shall, for the purposes of ascertaining and protecting the rights of creditors and heirs, and properly transmitting the title of record, be subjected to the process of administration in the probate court. Indeed, there is no other method provided by the statute whereby the existence of creditors or heirs of decedents may be conclusively established. And such administration may be initiated and had at the instance of any person entitled under the law to administer upon the estate. That the appellant was entitled to the grant of letters in this instance cannot be questioned in this proceeding. The court had jurisdiction to make such grant, and it is alleged in the petition and found by the court that upon the application for letters 'such proceedings were thereafter duly and regularly had in said superior court that on the fifth day of March, 1896, by an order duly made and regularly entered, the said superior court appointed the said W. B. Miller the administrator of the said estate, and that he ever since has been, and now is, as such public administrator and under said order, proceeding to administer upon said estate." That order, until reversed or set aside by some proper method, is conclusive upon appellant's right to administer said estate. The fact that it is averred in the petition herein and found by the court that Miller alleged in his petition for letters that the heirs of deceased were unknown, whereas in fact the respondent, "at the time of the filing of said petition and for more than four years prior thereto, was in open and notorious and exclusive possession" of the real estate involved, does not affect the validity of that order. Conceding that fact to be jurisdictional, it was one upon which the superior court was required to pass in the granting of letters, and as against this collateral attack its order is conclusive in favor of the existence of all the necessary facts required to sustain said order.

Administration upon the estate having been legally initiated, appellant acquired a right to proceed therewith until removed in some manner and for some cause provided by the statute, of which this is not one. Probate proceedings being purely statutory, and therefore special in their nature, the superior court,

although a court of general jurisdiction, is circumscribed in this class of proceedings by the provisions of the statute conferring such jurisdiction, and may not competently proceed in a manner essentially different from that provided. (*Smith v. Westerfield*, 88 Cal. 374, 379.) In any proceeding authorized by the law for his removal, appellant would have been protected in his right to be reimbursed for his proper and necessary costs and expenses paid out or incurred, and to compensation for services rendered in the administration—of which, by the present order, he is not only wholly deprived, but is even mulct in damages, by being required to pay the costs of this proceeding.

Moreover, and aside from the mere rights of appellant in the premises, the court having assumed jurisdiction of the estate in a proper case, was without power to thus summarily dispense with the further administration of the estate and refuse to further proceed therein. The case in this respect is not different in principle from that of *In re Pina*, 112 Cal. 14, where the administration had become vacant through the removal of the administrator, and an application for letters upon the estate was refused by the court below, apparently upon the ground that there was no necessity for further administration for the reason that the heirs had parted with all their interests in the property of the estate, and there was no desire by their grantees of any further administration therein. This action of the court was reversed, and it was there said: "We know of no such authorized method under the law of dispensing with the usual and ordinary administration of an estate of a deceased person, or of thus determining the question of title to real property as between an estate and persons claiming adversely to it. Under the facts appearing, it was the duty of the court to proceed and appoint an administrator with the will annexed, to complete the administration."

For these reasons the order appealed from must be reversed, and it is so ordered, same to be entered *nunc pro tunc* as of the thirtieth day of June, 1897.

Hearing in Bank denied.