[L. A. No. 13148.   In Bank.—July 27, 1932.]

HELEN LOUISE ANDRADE, Plaintiff and Appellant, v. ALBERT FRANCIS ANDRADE et al., Respondents; EDWARD H. MARTIN, as Receiver, etc., Appellant.

Edwin J. Miller and Harry K. Sargent for Appellants.

Emil H. Koehl for Respondents.

WASTE, C. J.—This is an appeal from an order discharging a receiver and directing plaintiff to pay his fees.

Plaintiff brought this action against her husband for permanent support and maintenance and to secure a division of their community property. The other named defendants were alleged to improperly claim some interest or estate in the property. Among other things, the complaint averred that certain real property known as the "Sunland Ranch", standing in the name of the defendant and alleged co-respondent Lavender, was in fact the property of the defendant husband and had been vested in the former solely for the purpose of defrauding the plaintiff. Defendant Lavender denied these allegations in her answer. At plaintiff's request, a receiver was appointed to take charge of the properties, including that standing in the name of the defendant Lavender, during the pendency of the cause. At the conclusion of the trial a decree was entered granting to the plaintiff support and maintenance and providing for a division of the properties of the spouses. The decree further declared, in accordance with the findings, that the "Sunland Ranch", standing in the name of the defendant Lavender, was in fact her sole and separate property and that plaintiff was without right, title or interest therein. From this latter portion of the judgment the plaintiff noticed an appeal to this court, which was dismissed on June 3, 1930, for lack of prosecution. After the *remittitur* had gone down the defendant Lavender moved for a discharge of the receiver and the return of her property. In due time the court below made its order approving the final report and account of the receiver, directing that plaintiff pay his expenses and fees aggregating $2,200, and directing that the receiver return possession of the "Sunland Ranch" to its owner, the defendant Lavender. The order further provided that the expenses and fees of the receiver "should not be chargeable to the defendant Judith Lane Lavender, and should not be made a charge or lien against any property belonging to her".

From this order the plaintiff wife and the receiver have both appealed, the appeals being consolidated by stipulation. The plaintiff complains of the order in so far as it discharges the receiver and places the burden on her of paying his expenses and fees, while the receiver complains that the plaintiff is in indigent circumstances and that his expenses

and fees should therefore be paid out of the property or by the third party owner thereof, the defendant Lavender.

In our opinion the order appealed from was, and is, a proper order. At the time of its entry the "Sunland Ranch" was the only property remaining in the receiver's hands. ▋ Inasmuch as the judgment decreeing this ranch to be the sole and separate property of the defendant Lavender had theretofore become conclusive and final, and it appearing that the receiver had otherwise fully served and fulfilled the purpose for which he had been appointed, it was proper that the court below should direct the receiver to return the possession of the "Sunland Ranch" to the defendant Lavender and then discharge him.

▋ We perceive no impropriety in assessing the receiver's fees and expenses against the plaintiff, who sought and procured his appointment, rather than against the defendant Lavender or her property. As a general proposition the costs of a receivership are primarily a charge upon the property in the receiver's possession and are to be paid out of said property. However, this is, not an invariable rule. In many cases a direct liability is imposed upon the parties to the action, or upon some of them, for the remuneration of the receiver. Such direct liability may result from an irregularity in the appointment, insufficiency of the property, agreement of the parties, etc. (*Ephraim* v. *Pacific Bank,* 129 Cal. 589, 592 [62 Pac. 117]; *Frick* v. *Fritz,* 124 Iowa, 529, 531–536 [100 N. W. 513]; 53 C. J. 299, secs. 495–497, 501.)

The language of the Iowa case, *supra,* is particularly applicable to the present case. It is there stated: "The general rule is well established that the expenses of the receivership are to be satisfied out of the property or funds coming into the hands of the receiver, and this rule is so universally accepted as the starting point for all discussion that authorities supporting it need not be cited. Where the object of the receivership is to preserve the property pending a determination of the rights of the parties to the litigation with reference to such property or the proceeds thereof, there is no question but that the successful party, availing himself of the fruits of the litigation, must take subject to the burden of the costs of the receivership, and it is immaterial whether the plaintiff has succeeded in asserting

the rights in aid of which the receivership has been asked, or whether the defendant has established the invalidity of plaintiff's claims. . . . And this rule is properly applied where the contest is not as to the regularity or legality of the proceedings for the appointment of the receiver, but only as to the disposition of the proceeds of the property or funds. . . .

"But where the rights of the plaintiff to subject the property for which he seeks to have a receiver appointed to the payment of his claim is resisted from the beginning, and the effect of the appointment of a receiver is to subject to the control of such receiver property in which the plaintiff is, as the result of the litigation, found to have had no interest or right whatever, it would evidently be unjust that, after determination of the case against the plaintiff, he should be allowed to have the expenses of the receivership, which he has occasioned by his unfounded claim, and from which the opposite party derives no benefit, satisfied out of the property itself. Such a result would be inequitable, for it would throw upon defendant the burden of a litigation instituted by plaintiff without right. . . . And it seems to be a well established rule that property which should not have been brought within the jurisdiction of or taken possession of by a receiver should not be appropriated to the payment of the expenses of the receivership. In such cases the receiver must look for his compensation to the portion of the fund which was properly brought within his jurisdiction, or, if there is no such fund, then to the plaintiff on whose application the receivership was secured."

While in the instant case the defendant Lavender was named as a party defendant and charged in the complaint as co-respondent, this should not justify the seizing and sequestering of her sole and separate property. From the institution of the action she asserted her complete and separate ownership of "Sunland Ranch", denying by way of answer and otherwise that either plaintiff or defendant Andrade had any interest in or claim upon the same. For this reason she has consistently resisted the taking of her property by the receiver. The receivership necessarily was not created for her benefit. On the contrary, it could only have been detrimental to her interests, and from the beginning has been a violation of her property rights. It would be

inequitable to charge the expenses and fees of the receiver against the property of one who has established her right to the property in hostility to the entire receivership proceedings. Under the circumstances, it is our opinion that the court below acted with propriety and not in abuse of its discretion when it decreed the return of defendant Lavender's property free and clear of any receivership charges.

What we have said sufficiently disposes of the present appeal. We do not find it necessary, therefore, to consider the many points urged by the appellants as to the defendant Lavender's alleged relations with the defendant Andrade or having to do with the propriety of the judgment decreeing the "Sunland Ranch" to be the sole and separate property of defendant Lavender. These and many other points raised by the appellants were determined by the judgment entered in the cause on August 6, 1927, which judgment has long since become final. It is elementary that any and all matters therein determined are now beyond review.

Examination of the transcript satisfies us as to the propriety of the trial court's conclusion. We find that appellants were in no way prejudiced by the rulings on the evidence.

There is nothing in appellants' briefs calling for further discussion.

The order appealed from is affirmed.

Shenk, J., Curtis, J., Seawell, J., Preston, J., Langdon, J., and Tyler, J., *pro tem.*, concurred.

Rehearing denied.