[L. A. Nos. 18111, 18206. In Bank. Feb. 16, 1943.]

Estate of ANITA M. BALDWIN, Deceased. LOUIS M. LISSNER, as Receiver, etc., Appellant, v. BALDWIN M. BALDWIN, as Executor, etc., et al., Respondents.

588

Louis M. Lissner, in pro. per., Loeb & Loeb and Laurence M. Weinberg for Appellant.

Meserve, Mumper & Hughes and Roy L. Herndon for Respondents.

CURTIS, J.—Presented here for review are certain proceedings in probate marking the effort of a receiver, appointed in a divorce action to take possession of the community property of the spouses and of the separate property of the defendant husband, to secure from the probate court a ratable distribution of a legacy left to the husband.

Anita M. Baldwin died testate on October 25, 1939. Her will provided, among other things, that pending administration her two children, Baldwin M. Baldwin and Dextra Baldwin Jones, who are the executor and the executrix, respectively, should each receive the sum of $1,500 per month. On October 27, 1939, Rowena Schneider Baldwin instituted in the Superior Court of the County of Los Angeles an action for divorce against Baldwin M. Baldwin. As part of her complaint the plaintiff alleged the substantial value of the community holdings of herself and her husband as well as the latter's ownership of considerable separate estate, including the aforesaid legacy under the provisions of his mother's will; her husband's intent to dispose of all this mentioned property to her irreparable prejudice; and his departure from this state and establishment of residence in Nevada for the express purpose of evading service of process in the divorce proceeding and preventing the California courts from exercising jurisdiction over him. The defendant

was never personally served with summons in that action and he made no appearance therein. Upon the basis of the above allegations of the complaint and pursuant to the prayer thereof the court on December 15, 1939, appointed Louis M. Lissner as receiver and ordered him to take into his possession all community property of Baldwin and his wife and all separate property of Baldwin. Located as an asset of the husband within this state was his interest in the estate of his mother, Anita M. Baldwin, and accordingly the executrix of her will, Dextra Baldwin Jones, was made a party defendant to the divorce action. Thereafter the receiver, upon petitioning the court for instructions, was directed by an order dated May 20, 1940, "to take and pursue all necessary steps in the matter of the estate of Anita M. Baldwin to reduce the claim of defendant Baldwin M. Baldwin for $1,500 per month during the course of administration to possession, and to hold such sums as he may recover in such proceedings in accordance with the order appointing him as receiver." To this end the receiver filed in the estate proceeding under authority of section 1010 of the Probate Code a petition for ratable distribution of the said legacy of Baldwin M. Baldwin. The receiver also filed in the same proceeding a request for special notice pursuant to section 1202 of the Probate Code. Thereafter motion was made by the executor and executrix to strike this request from the files. Upon the hearing in the probate court the petition for ratable distribution was denied and the motion to strike was granted.

Subsequently the executor and executrix of the will of Anita M. Baldwin, deceased, filed a petition for partial distribution pursuant to section 1000 of the Probate Code, and upon the hearing thereof distribution of the specified monthly payments accumulated over the period from October, 1939, to December, 1940, was ordered to be made to Baldwin M. Baldwin and his sister, Dextra Baldwin Jones, under their respective legacies. Although not served with special notice, the aforementioned receiver appeared at this hearing and after denial of his motion for continuance, he contested the propriety of such distribution, but his objections were overruled.

The receiver has appealed from both orders adverse to his position in the estate proceeding—the order denying his petition for ratable distribution and the order granting the

petition of the executor and executrix for partial distribution. The two appeals involve the same questions and they have been consolidated for presentation here. ██ Upon this review the receiver properly recognizes that the order striking from the files his request for special notice is not an appealable order (Prob. Code, § 1240), but he correctly maintains that such ruling of the probate court will be considered in connection with the two authorized appeals insofar as it is relevant thereto. (Prob. Code, § 1242, subd. 2; Deering's 1933 Supp., p. 209.) Respondents, Baldwin M. Baldwin and Dextra Baldwin Jones (now known as Dextra Baldwin Derx), although the recipients of the legacies, appear throughout the probate proceedings here involved and upon these appeals in their representative capacities of executor and executrix, respectively.

██ The first point presented for determination is whether appellant is a party entitled to petition for ratable distribution under the provisions of section 1010 of the Probate Code. That section, so far as here material, reads as follows: ''When the time for filing or presenting claims has expired and all uncontested claims have been paid . . . but the estate is not in a condition to be finally closed and distributed, the executor or administrator, or any heir, devisee or legatee, or the assignee, grantee or successor in interest of any heir, devisee or legatee, may petition the court for a ratable payment of the legacies, or ratable distribution of the estate, to the heirs, devisees or legatees, or their assignees, grantees or successors in interest. . . . Any person interested in the estate or any coexecutor or coadministrator may resist the application.''

Appellant predicates his authority to proceed under this section upon his status as a ''successor in interest'' of the legatee Baldwin. While he does not dispute the settled law that a receiver does not take title to property by virtue of his appointment, but only acquires the right of possession as an officer of the court [*DeForrest* v. *Coffey*, 154 Cal. 444, 449 [98 P. 27] ; *North* v. *Cecil B. DeMille Productions, Inc.*, 2 Cal.2d 55, 57-58 [39 P.2d 199] ; Clark on Receivers, 2d ed., vol. 1, p. 460; 22 Cal.Jur., pp. 488-489, §§ 73, 74], he claims that the attribute of ownership of property to which he does succeed warrants his inclusion within the statutory classification. Contrariwise, respondents maintain that this lack of title in a receiver precludes his characterization as a ''suc-

cessor in interest'' of another, and as representative authority in support of this proposition they cite instances of the application of this descriptive term to a purchaser at an execution sale of real property because he thereby ''acquires all the right, title, interest and claim of the judgment debtor thereto.'' (*Pollard* v. *Harlow,* 138 Cal. 390 [71 P. 454, 648] ; *Bateman* v. *Kellogg,* 59 Cal.App. 464 [211 P. 46].) But the adjudication of the meaning of the words ''successor in interest'' to embrace the acquisition of title in distinguishable situations such as those involving precise questions referable to the statutory right of redemption of realty is not determinative of the scope of that phrase as used by the Legislature relative to litigation in probate proceedings.

In common parlance the word ''interest'' is broader and more comprehensive than the word ''title,'' and its definition in a narrowed sense by lexicographers as any right in the nature of property *less than title* indicates that the terms are not considered synonymous. (Anderson's Law Dictionary, p. 562; Ballentine's Law Dictionary, p. 671.) By the employment of a word whose ordinary signification is broad enough to include every species of property right, the Legislature manifested its intent that the statutory phrase in question be given a liberal rather than a narrow and technical interpretation. The view of the term ''interest'' in its large sense as distinguished from the limited concept of title conforms with the import of the notable expansion of the class of persons entitled to petition for ratable distribution under section 1010 of the Probate Code as above quoted. Prior to the amendment of this provision in 1937 only the executor or administrator was accorded this privilege, and the extended availability of such right to an ''heir, devisee or legatee or [his] assignee, grantee or successor in interest'' demonstrates the Legislature's purpose to broaden thereby the basis for ratable distribution of a decedent's estate as far as consistent with established probate practice. In pursuance of this expression of legislative policy as bearing upon the present case, it would appear that a receiver succeeding to the right of possession of a legacy, a recognized property interest, is to that extent a ''successor in interest'' of the legatee within the purview of the statute and irrespective of his failure to acquire also the predecessor's title to such portion of the decedent's estate. A person

seeking distribution of a part of estate property need not be entitled to *all* the attributes of ownership therein in order to maintain his application in the probate court. Countless factual situations suggest themselves in illustration of this proposition. For example, an administrator or executor, who does not succeed to the decedent's title (*Estate of Hite,* 159 Cal. 392, 395 [113 P. 1072, Ann.Cas. 1912C, 1014, 32 L.R.A. N.S. 1167]), will be given possession of the estate property for purposes of administration and thus effectuating the orders of the court which appointed him its officer; or distribution of the property to an heir, devisee or legatee, may be directed subject to an equitable charge in favor of some other recipient of the deceased's bounty; or delivery of possession of the property may be ordered to a life tenant, with the remainder in fee to another person pursuant to appropriate designation; or a beneficiary of a testamentary trust may petition for partial or ratable distribution of the fund to the trustee (*In re Mackay's Estate,* 107 Cal. 303, 307 [40 P. 558]; *Estate of McGirl,* 125 Cal.App. 310, 313 [13 P.2d 746].) Commensurate with these observations as to probate procedure, it would appear beyond dispute that a duly appointed receiver, acting under the general powers conferred by section 568 of the Code of Civil Procedure and pursuant to specific instructions of the court in another legal action, may take steps in an estate proceeding to reduce a legacy to possession. Accordingly, appellant to the extent of the possessory right of the legatee Baldwin is the latter's "successor in interest" within the meaning of section 1010 of the Probate Code, and so entitled to seek ratable distribution thereunder.

 Respondents then argue that even though appellant as receiver be considered a "successor in interest" under the pertinent statute, his claim was beyond the power of the probate court to adjudicate because they as executor and executrix, respectively, opposed his application in the estate proceeding. They rely in this connection upon a line of decision holding that the probate court is without jurisdiction to try and determine disputes concerning the existence or validity of the right asserted as the basis for distribution of the decedent's property otherwise than in conformity with the terms of the will or the laws of succession, as the case may be. (*Estate of Strong,* 119 Cal. 663 [51 P. 1078]; *Martinovich* v. *Marsicano,* 137 Cal. 354 [70 P. 459]; *Estate*

*of Ryder,* 141 Cal. 366 [74 P. 993] ; *Estate of Howe,* 161 Cal.
152 [118 P. 515] ; *McGee* v. *Allen,* 7 Cal.2d 468 [60 P.2d
1026].) ▉ However, upon analysis, the rule established by
these authorities has no application to the present situation.
For instance, in the *Estate of Howe, supra,* the decision up-
held the probate court in its refusal to determine the con-
flicting claims to the interest in certain real property of an
heir and his judgment creditors, who had caused his inter-
est to be levied upon and sold during the course of adminis-
tration. So may the remaining cases cited be similarly dis-
tinguished as relating to controversies between the parties
*directly affected* by the proposed distribution of the estate
property—that is, between the heir, devisee or legatee and
the contesting claimant. But the dispute urged here by
respondents as derogatory of the probate court's jurisdiction
does not involve objection by Baldwin as legatee. Pursuant
to the rule of the above cases such court lacks power to dis-
tribute to the successor only where the *real parties in interest*
present a controversy concerning their respective rights.

▉ Under the well-defined principles of *Murray* v. *Mur-
ray,* 115 Cal. 266 [47 P. 37, 56 Am.St.Rep. 97, 37 L.R.A.
626], and *Nichols* v. *Superior Court,* 1 Cal.2d 589 [36 P.2d
380], the court in the above-mentioned divorce action under
the circumstances outlined was authorized to appoint therein
a receiver and to instruct him to reduce the legacy in ques-
tion to possession. As stated in the foregoing discussion of
section 1010 of the Probate Code, that appointment estab-
lished appellant's status as a "successor in interest" of the
possessory right of the legatee Baldwin. The order so ap-
pointing the receiver, valid on its face, is not subject to col-
lateral attack in this probate proceeding. Although under
the provisions of section 1010 of the Probate Code as above
quoted, respondents as representatives of the estate involved
were entitled to resist the receiver's application for ratable
distribution, such opposition would not create a controversy
of the type sufficient to oust the probate court of jurisdic-
tion to decide the matter, for Baldwin in his individual
capacity as the legatee directly affected has not undertaken
to contest the receiver's right pursuant to his judicial ap-
pointment. While probate proceedings are purely statutory
and the superior court is circumscribed in such matters by
the provisions of the Probate Code conferring jurisdiction

594

(*Estate of Davis,* 136 Cal. 590, 597 [69 P. 412]; *Texas Company* v. *Bank of America,* 5 Cal.2d 35, 39 [53 P.2d 127]), the proceeding instituted by appellant as receiver was such as is contemplated by the express language of said section 1010. ■ The fact that such court is acting in probate when required to apply rules in equity or principles of law to decide a question demanding settlement does not affect its jurisdiction to do so. As a probate court in determining issues arising in connection with the administration of an estate, ''it may bring to its aid the full equitable and legal powers with which, as the superior court, it is invested.'' (*Estate of Bell,* 168 Cal. 253, 257 [141 P. 1179].) When the superior court has jurisdiction of the subject-matter of a case falling within either equity or law, it has power to hear and determine, in the mode provided by law, all questions of law and fact, the disposition of which is ancillary to a proper judgment. It has the same power sitting in probate. (*Burris* v. *Kennedy,* 108 Cal. 331, 336 [41 P. 458].)

■ In line with these settled principles, there can be no doubt as to the jurisdiction of the probate court to adjudicate the controversy as presented with regard to the petition for ratable distribution. Under respondents' theory in such situation as the present one the opposition of the representatives of the estate would automatically create a ''dispute'' which would render the probate court powerless to distribute to the petitioning successor in interest and yet at the same time leave it 'with authority to distribute to the contesting representatives upon application therefor. Such unjust result not only would nullify the express purpose of section 1010 in its amended form as quoted, the enlargement of the class of persons entitled to invoke the statute's aid, but would conflict with the settled law governing the probate court's province of decision. From the foregoing discussion it follows that the order denying the petition for ratable distribution must be reversed.

■ ■ Turning to a consideration of the appeal from the order of the probate court distributing the legacy in question to Baldwin M. Baldwin pursuant to respondents' petition for partial distribution, the disposition of this matter is governed in large measure by the above commentary as to appellant's status in the estate proceeding. Section 1000 of the Probate Code provides that ''any person interested in the estate may resist the application'' for partial

distribution. Section 1202 of the same code provides that "any person interested in the estate, whether as heir, devisee, legatee, creditor, beneficiary under a trust, or as otherwise interested . . . may . . . file . . . a written request" for special notice of the filing of petitions and other pertinent papers, and thereafter such person shall be entitled to notice as provided in section 1200 of said code. While no statutory definition has been given of the words "person interested in the estate," it logically follows that appellant, by reason of his succession as receiver to the possessory right of the legatee Baldwin and his pecuniary interest to that extent in the disposition of the legacy involved, comes within the scope of the quoted phrase as used in the last two mentioned code provisions; and the probate court erred in holding to the contrary. Although it does not appear whether appellant was prejudiced by the mere fact of his failure to receive special notice of respondents' petition for partial distribution in view of his presence in court on the designated day and his participation in the hearing of the matter, such consideration is immaterial under the present circumstances. The probate court's failure to recognize appellant's standing in the estate proceeding by virtue of his appointment as receiver in the divorce action, as above discussed, and its disregard of the authoritative basis of his claim for ratable distribution of the identical legacy then before the court for disposition in connection with respondents' petition necessitate a reversal of the order for partial distribution of that property.

The order denying the petition of appellant for ratable distribution is reversed; the order granting the petition of respondents for partial distribution is reversed as to the legacy of Baldwin M. Baldwin; and the probate court is directed to proceed with these matters in a manner consistent with the views herein expressed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Peters, J. pro tem., concurred.

Respondents' petition for a rehearing was denied March 15, 1943.