[L. A. No. 18722. In Bank. Feb. 25, 1944.]

LOUIS M. LISSNER, as Receiver, etc., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

712

Louis M. Lissner, in pro. per., Loeb & Loeb and Laurence M. Weinberg for Petitioner.

J. H. O'Connor, County Counsel, Douglas DeCoster, Deputy County Counsel, Meserve, Mumper & Hughes, Roy L. Herndon, Thatcher & Woodburn, Frank P. Doherty and William R. Gallagher for Respondents.

CURTIS, J.—This is an original proceeding in mandamus to effectuate the disposition of a petition for ratable distribution in a pending estate.

In pursuance of appropriate allegations and the consequent prayer of the complaint filed in a divorce action instituted by Rowena Schneider Baldwin against Baldwin M. Baldwin, the petitioner herein, Louis M. Lissner, was by an ex parte order dated December 15, 1939, appointed the receiver to take into possession the community property of the

spouses and the separate property of the defendant husband. At that time the matter was made returnable on an order to show cause and on December 28, 1939, following the submission of additional sworn evidence at the hearing in open court, an order was made confirming said receiver's appointment. Located as an asset of Baldwin within this state was his claim to an allowance of $1,500 a month from the estate of his mother, Anita M. Baldwin, deceased, pending administration, as bequeathed under the terms of her will. Upon petitioning the court in the divorce action for instructions, the receiver on May 20, 1940, was ordered to take all necessary steps in the estate matter to reduce this claim of Baldwin to possession, and to hold such sums as he might thus recover in accordance with the order appointing him as receiver. To this end, and pursuant to the provisions of section 1010 of the Probate Code, the receiver filed in the estate proceeding a petition for ratable distribution of Baldwin's aforesaid legacy. Baldwin and his sister, Dextra Baldwin Derx, as executor and executrix, respectively, of their mother's will, resisted the receiver's application and also presented their own application for partial distribution. After hearing, the probate court denied the receiver's petition for ratable distribution and granted the petition of the executor and executrix for partial distribution. The receiver appealed from both orders as they adversely affected his position in the estate proceeding, and this court based its judgment of reversal on these grounds: (1) That the order appointing Louis M. Lissner as receiver in the Baldwin divorce action was valid on its face and therefore was not subject to collateral attack in the probate proceeding; (2) That such receiver as the "successor in interest" of the possessory right of Baldwin to the payment of $1,500 per month from the estate of his deceased mother, Anita M. Baldwin, pending administration, was entitled, under authority of section 1010 of the Probate Code, to seek ratable distribution of such legacy; and (3) That the objections to the receiver's petition as urged by Baldwin and his sister in their respective *representative* capacities did not present such a dispute as would oust the probate court of jurisdiction to try and determine the claim, for the controversy in the estate proceeding as to the proposed distribution of the decedent's property otherwise than in conformity with the terms of her will did not

involve opposition by the *real party in interest*—Baldwin as legatee. (*Estate of Baldwin,* 21 Cal.2d 586 [134 P.2d 259].) Accordingly, the decision of this court was as follows: "The order denying the petition of appellant [the receiver] for ratable distribution is reversed; the order granting the petition of respondents [Baldwin and his sister, Dextra Baldwin Derx, the executor and executrix] for partial distribution is reversed as to the legacy of Baldwin M. Baldwin; and the probate court is directed to proceed with these matters in a manner consistent with the views herein expressed."

After the filing of the remittitur the receiver presented in the probate court his motion for an order granting his petition for ratable distribution, and notice of hearing was served upon counsel of record for Baldwin as executor and his sister, Dextra Baldwin Derx, as executrix. The latter filed written objections to the motion and so did Baldwin, but in this instance he appeared "in his individual capacity, and not otherwise." After hearing of argument in the matter, the probate court refused to grant the order sought. Thereupon the receiver made application to this court for a writ of mandamus and an alternative writ was issued.

The principal question involved in this matter is whether or not under the prescribed rules of probate procedure the respondent court was empowered to hear and determine the petitioner's application when contested by Baldwin as an individual. In these circumstances the opposing views as to judicial duty stem primarily from the conflicting interpretation of the decision of this court rendered on the appeal in the estate proceeding heretofore cited. Following a discussion of the merits of these points of difference, the additional question of the availability of an appeal from the order of the respondent court in refusal of the petitioner's application will be considered.

█ As the parties have framed the issues to test the propriety of this proceeding, the first matter in dispute is whether the respondent court in the exercise of its jurisdiction has acted upon and denied the petitioner's application for ratable distribution or whether it has refused to exercise its jurisdiction in the premises. If the former be the fact, then mandamus will not lie, for a court may act as efficiently by denying as by granting a motion or request. On the other hand, should it be determined that the respondent court has refused to act in a matter properly brought before

it, mandamus will, and should, issue to put it in motion, but not, of course, to compel it to act in a particular manner unless the situation presented is one in which the court can exercise its discretion in but one way. (16 Cal.Jur. 809; *Hilmer* v. *Superior Court*, 220 Cal. 71, 73 [29 P.2d 715].) That the respondent court refused to entertain the petitioner's motion on the ground of lack of jurisdiction is apparent from pertinent portions of the record herein.

In the course of the hearing of argument in the matter the presiding judge expressed his views as to the power of the court in these words: "The motion of the receiver for the granting of the petition of the receiver for ratable distribution is such that, in my judgment, I am without jurisdiction, and this department of the court, sitting exclusively in probate, declines to assume any jurisdiction in that behalf. In my opinion, that matter must be determined by the judge who tries the divorce case; and it presents conflicts as to title which can only be determined by this court sitting either at law or in equity, and not in probate."

Thereupon the following colloquy occurred:

"MR. LISSNER [the petitioner]: ... I understand the court declined to pass on the petition for ratable distribution, on the ground it did not assume jurisdiction.

"THE COURT: That is the idea.

"MR. LISSNER: It didn't grant it or deny it; it just declined to assume jurisdiction over the matter?

"THE COURT: Yes.

"MR. WEINBERG [attorney for petitioner]: You mean, the motion on the matter of ratable distribution?

"THE COURT: No, I didn't pass on it at all; I didn't either approve or deny the issue; I simply declined to assume jurisdiction."

Accordingly, the respondent court included this principle of ruling in its formal order, which, so far as here material, reads as follows: "It further appears to the court, from the records and files herein and particularly from the petition of said receiver for ratable distribution and the written objections thereto filed herein by Baldwin M. Baldwin, individually, and by Dextra Baldwin Derx, as executrix of the will of said decedent, that a controversy is hereby presented between the said receiver and the said Baldwin M. Baldwin, individually and as legatee, involving issues of law and disputed issues of fact which are not matters of probate and

which are without and beyond the jurisdiction of this court sitting in probate.

"It Is Therefore Ordered that by reason thereof, issues of law and disputed issues of fact are now involved which are not issues of probate and which are without and beyond the jurisdiction of this court sitting in probate, of which issues this court sitting in probate declines to assume jurisdiction."

From this unequivocal declaration of the basis of the respondent court's nonadjudication of the petitioner's application emerges the main question in controversy in this mandamus proceeding—whether under the prevailing circumstances the petition for ratable distribution was a matter properly before said court for disposition, for the petitioner is entitled only to such writ as will operate "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office. . . ." (Code Civ. Proc., sec. 1085.) The legal principles governing this point were stated in this court's prior opinion in the matter of the *Estate of Baldwin, supra,* and carried to their logical conclusion, they establish the respondent court's retention of the requisite jurisdiction despite the interposition of the legatee Baldwin as a resisting party litigant. By reason of said decision the respondents do not now dispute the petitioner's right to seek ratable distribution in the probate proceeding nor the ineffectiveness of Baldwin's objections in his limited *representative capacity* to preclude the settlement of the contested issues therein, but they maintain that his present opposition *as an individual—the real party in interest*—so alters the factual situation as to divest the respondent court of its previous jurisdiction in the matter. Again, as on the occasion of the prior appeal to this court, reliance is placed "upon a line of decision holding that the probate court is without jurisdiction to try and determine disputes concerning the *existence or validity of the right asserted* as the basis for distribution of the decedent's property otherwise than in conformity with the terms of the will or the laws of succession, as the case may be" (italics added), and again it must be said that "the rule [so] established . . . has no application." (*Estate of Baldwin, supra,* at pp. 592-593.) ██ As was then observed by this court, the "existence or validity of the right asserted" by the petitioner rests upon his judicial appointment as receiver in the Baldwin divorce action, an

order valid on its face and not subject to collateral attack in the probate proceeding. Such order, made upon a proper showing and duly confirmed, and which Baldwin has allowed to stand unchallenged for more than three years, is entitled to the same conclusiveness as any other judicial act of an authorized court. The petitioner's status has heretofore been resolved by appropriate judicial rulings ''in an independent proceeding''—the divorce action—(*cf. McGee* v. *Allen,* 7 Cal. 2d 468, 471 [60 P.2d 1026]) and it would be incompatible with the finality of decision which necessarily attaches to such appointment to sustain the argument, made in derogation of the respondent court's power to determine the petition for ratable distribution, that Baldwin's opposition as an individual creates an unadjudicated controversy between the real parties in interest as contesting claimants. The premise of the petitioner's position in the probate proceeding is no longer classifiable as a ''dispute'' affecting the respondent court's power to pass upon the matter here involved, and no more in his individual than in his representative capacity may Baldwin prevail upon this jurisdictional ground of attack.

 In the light of these considerations the failure of the respondent court to pass upon the petitioner's application for ratable distribution—a matter properly before it for disposition—as required by the import of the decision in the *Estate of Baldwin, supra,* establishes here a proper factual base, jurisdictionally, for the intervention of mandamus.

 However, there is no force in the petitioner's added contention that upon the filing of the remittitur after reversal of the orders subject of the prior appeal, as above noted, the respondent court was bound to rule favorably upon his petition. Under well-defined principles of law, such formal remand with the general specification that further proceedings be taken consistent with the views theretofore expressed is not tantamount to a reversal with directions for entry of a particular order, but it simply leaves the trial court free to permit the filing of additional pleadings and to so dispose of the matter upon the merits as its discretion shall dictate. (2 Cal.Jur. pp. 996, 1053-1054; *Pillsbury* v. *Superior Court,* 8 Cal.2d 469, 472 [66 P.2d 149]; *Atchison, Topeka & Santa Fe Ry. Co.* v. *Superior Court,* 12 Cal.2d 549, 554-555 [86 P. 2d 85].)

■ The final point to be considered in relation to the propriety of the issuance of the writ herein is whether the petitioner has in the premises "a plain, speedy, and adequate remedy, in the ordinary course of law." (Code Civ. Proc., sec. 1086.) In this connection it is contended that under section 1240 of the Probate Code the order made by the respondent court at the conclusion of argument on the petitioner's motion may be characterized as appealable because, in effect, it was "an order refusing to make an order distributing property." Such claim comports neither with the significance of the order herein involved nor with a reasonable construction of the mentioned code provision in its strict limitation of the orders in probate from which an appeal will lie. The respondent court's ruling, as above quoted, merely sustained the objections raised as to its power to proceed with the hearing of the petitioner's application, which was then left pending because of a failure to exercise jurisdiction. In so declining to act, said court *neither granted nor denied* the motion before it, but in reality refused to consider the question of the distribution of the estate property at all. Since a writ of mandamus is the means regularly employed to compel the performance of judicial duty while the remedy of appeal generally contemplates the correction of error in the disposition of a cause *consequent of* the trial court's *exercise of jurisdiction* in the case, it logically follows that the Legislature, consistent with the narrow scope of section 1240 of the Probate Code in its precise enumeration of appealable orders, did not intend, by including in such list an order "refusing to make an order heretofore mentioned in this section"—referring, among others, to one "distributing property"—to invade thereby the field of law normally occupied by mandamus proceedings. ■ Rather it would seem that in the orderly administration of justice such quoted language was intended to comprehend only such orders of refusal as evidenced a *denial* of the relief sought *after* the probate court had entertained the matter and made disposition thereof upon the merits. (*Cf. Johnson* v. *Superior Court,* 102 Cal.App. 178, 191 [283 P. 331].) Accordingly, the order of the respondent court divesting itself of jurisdiction of a matter properly before it for decision would not come within the purview of section 1240 of the Probate Code, and the writ herein sought is the only remedy open to the petitioner.

It is therefore ordered that a peremptory writ of mandamus be issued to the respondents, requiring the court and the judge thereof to hear and determine the issues raised by the pleadings filed in connection with the petitioner's application for ratable distribution in the estate of Anita M. Baldwin, deceased, and to render such judgment or order thereon as it may be advised.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Traynor, J., concurred.

Respondents' petition for a rehearing was denied March 23, 1944.