[Civ. No. 15842. Second Dist., Div. One. Dec. 12, 1947.]

ROWENA SCHNEIDER BALDWIN, Plaintiff and Respondent, v. BALDWIN M. BALDWIN et el., Defendants and Respondents; LOUIS M. LISSNER, as Receiver, etc., Appellant.

852

Loeb & Loeb and Herman F. Selvin for Appellant.

Meserve, Mumper & Hughes, Roy L. Herndon, Frank P. Doherty and William R. Gallagher for Defendants and Respondents.

DORAN, J.—The matter here presented has had a long judicial history and has previously been before the Supreme Court on three occasions, namely in *Estate of Baldwin,* 21 Cal.2d 586 [134 P.2d 259] ; *Lissner* v. *Superior Court,* 23 Cal. 2d 711 [146 P.2d 232] ; and in *Baldwin* v. *Baldwin,* 28 Cal. 2d 406 [170 P.2d 670].

Rowena Schneider Baldwin and Baldwin M. Baldwin were married on October 21, 1937, and on October 25, 1939, Anita M. Baldwin, the defendant's mother, died, bequeathing to Baldwin M. Baldwin the sum of $1,500 per month. Two days later his wife, Rowena Schneider Baldwin, instituted a divorce action, and secured, ex parte, the appointment of Louis

M. Lissner as receiver. The appointment of a receiver was predicated upon the wife's verified complaint alleging in substance that the parties were possessed of a large amount of community property, and that the husband had so commingled community and separate property that the same could not be segregated; that the defendant "threatened to secrete, sell and encumber the community property . . . threatened to take out of the State of California all the community property, . . . threatened to hypothecate, assign and secrete his properties both real and personal so that he would be judgment proof . . . all for the purpose of embarrassing, hindering and delaying the satisfaction or payment of any orders . . . for the support of the plaintiff, and for the support and maintenance of plaintiff's minor children" (by a former marriage). It was further alleged that defendant intended to assign any and all interest in Anita M. Baldwin's estate; that defendant had fraudulently established a pretended residence in Nevada for the purpose of evading the California laws and defrauding the plaintiff; and that the wife "should have her just share of community property and be allowed a lump sum settlement of at least $250,000."

On June 1, 1940, the receiver petitioned the probate court for a ratable distribution seeking payment to the receiver of $1,500 per month from commencement of the probate proceedings in the Anita M. Baldwin estate. This petition was contested by the executors, of which Baldwin M. Baldwin was one; the petition was denied but upon the receiver's appeal in 21 Cal.2d 586, a reversal was obtained. Upon a further petition for ratable distribution, Judge Stutzman in the superior court refused to assume jurisdiction; a writ of mandate was issued by the Supreme Court in 23 Cal.2d 711 compelling the lower court to take jurisdiction. Eventually the receiver's petition was granted and the Baldwin executors ordered to pay to the receiver the sum of $82,500 plus $1,500 per month until distribution.

In the divorce case, on August 3, 1944, Judge Henry M. Willis ordered judgment for the defendant Baldwin M. Baldwin. The trial court found that at no time prior to the appointment of the receiver and the confirmation thereof, did the court "have jurisdiction of the person of the defendant . . . or of his property, either by service of summons, process, order to show cause, notice or by his voluntary appearance, of seizure of said defendant's property, or otherwise."

These findings further recite that the defendant was a bona fide resident of Nevada; that there was no community property and consequently no commingling thereof with separate property; that defendant had not threatened to sell, secrete or encumber either separate or community property, or to take any property out of the State of California, etc.; and that ''It is not true that any threats, acts or conduct of defendant required the appointment of a receiver.'' An appeal from that judgment resulted in an affirmance thereof by the Supreme Court on June 25, 1946, in 28 Cal.2d 406. The reviewing court there held that allowances made to the wife pendente lite without notice to the husband, and ordered paid by the receiver, ''are ineffectual as personal judgments against him where he has neither voluntarily appeared in an action nor has been duly served with process''; and that ''Inasmuch as service had not been had on defendant herein nor had the receiver taken into possession property of the defendant at the time of the issuance of the order of January 5, 1940, such order was correctly held by the trial court to be void and of no effect.''

Thereafter, the defendant filed a motion to discharge the receiver, and the receiver filed a report and petition for payment of fees out of the defendant's share in the Baldwin estate. The defendant's objections to the receiver's report and petition alleged that the ex parte appointment of receiver was made in reliance upon plaintiff's false allegations, and that the receivership was unnecessary, improvident, wrongful and inequitable. On September 20, 1946, Judge Willis sustained the defendant's contentions, ordered discharge of the receiver, and found that ''it would be unjust, inequitable and unlawful to charge the defendant with any of the fees, costs or expenses of the receiver or of the receiver's attorneys, or to require that any of such fees, costs or expenses be paid out of property belonging to said defendant''; and that the receiver should ''look to plaintiff for his compensation.'' It is from this order that the receiver now appeals.

The appellant argues that ''A receiver whose appointment is not void is entitled to compensation out of the property in his custody,'' and that the appointment of the receiver in this case was not void or irregular. According to the respondent's brief, however, the following question is squarely presented: ''When a plaintiff has induced a court of equity to appoint a receiver by making false and unwar-

ranted allegations of fact in a verified pleading, and when it has been determined that plaintiff's action was wholly without merit, upon whom should the costs of such receivership be imposed?''

To sustain the appellant's contentions herein, would, in effect, amount to a holding that once a plaintiff secures the appointment of a receiver, even by the making of totally false and unwarranted allegations, such receiver possesses an absolute right to saddle a defendant's property with the burden of paying the receiver's fees, the fees of attorneys for the receiver and all expenses connected with the receivership. The cases cited by appellant by no means support such a proposition and to countenance such a rule would place in a plaintiff's hands a weapon which might easily result in the complete ruin of an innocent defendant.

Certainly, a trial court making an ex parte appointment of a receiver as in the present case, may assume that the sworn statements of the applicant justifying such a drastic remedy, are true, and that the application is made in good faith. Such allegations cannot be regarded as mere formal statements. But in the instant litigation, Judge Willis, who heard all of the evidence in the divorce case as well as that relating to the receivership, has stated that ''substantially all of the material allegations . . . have been found and determined to be untrue; that the false allegations . . . were made by plaintiff without any information or reasonable ground sufficient to cause her reasonably to believe the same to be true''; and that ''the appointment of said receiver herein was unnecessary, wrongful, improvident and without reasonable or probable cause.'' As hereinbefore indicated, the judgment for defendant in the divorce case has now been affirmed by the Supreme Court in 28 Cal.2d 406. Under these circumstances it appears evident that the plaintiff and not the defendant, should be the one charged with the fees and expenses connected with the ''improvident'' receivership.

The rule is stated in *Andrade* v. *Andrade*, 216 Cal. 108, 110 [13 P.2d 676], as follows: ''As a general proposition the costs of a receivership are primarily a charge upon the property in the receiver's possession and are to be paid out of said property. *However, this is not an invariable rule.* In many cases a direct liability is imposed upon the parties to the action, or upon some of them, for the remuneration of the receiver.'' (Italics added.) Cited in this opinion is *Ephraim*

v. *Pacific Bank,* 129 Cal. 589, 592 [62 P. 177]. Likewise, the language of *Lewis* v. *Hall,* 38 Cal.App. 329, 336 [176 P. 171], is directly applicable to the present situation:— "The court in its findings declared that the appointment of the receiver was improvidently and erroneously made. Under these circumstances it would have been manifestly unjust to charge the defendant's property with the compensation of the receiver, and, on the other hand, such expense could legitimately be imposed upon the plaintiff, at whose instance the receiver was appointed."

The appellant avers that "the receiver had property in his custody sufficient to provide for his compensation." The appellant's brief admits, however, that the receiver never actually had in possession any money or tangible property of any kind, but sets forth that "On July 28, 1944 a formal judgment had been entered ordering the executrix of Anita M. Baldwin, deceased to pay to the receiver the sum of $82,500 and certain additional monthly sums, by way of partial distribution of the defendant's interest in that estate." Appellant's insistence that this judgment constituted a chose of action which can be considered property in the receiver's possession even though the same had not been collected, and therefore that the receiver's fees should be borne by defendant, presents nothing which can warrant a reversal under the facts as hereinbefore set forth.

As stated in the respondent's brief, "Appellant has wholly failed to show that the trial court abused its discretion in holding that the receiver should be required to pursue his remedies against the plaintiff for the recovery of his fees and expenses." Each case of this kind must, of necessity, rest upon its own facts. In the words of 45 American Jurisprudence 224, "Courts generally are vested with large discretion in determining who shall pay the cost and expenses of receivships. The court may assess the costs of a receivership against the fund or property in receivership or against the applicant for the receivership, or it may apportion them among the parties, depending upon circumstances." Since the matter is clearly one of discretion and no abuse of such discretion appears, there can be no interference by an appellate court.

There is no merit in the appellant's contention that "the record here justifies, if in fact it does not compel the inference that the defendant acquiesced in the appointment (of the receiver) and thereby lost his right to object to it.

On the contrary, as respondent's brief points out, "The record shows that defendant challenged the propriety of the receivership at every stage of the proceedings, both in the divorce action and in the probate proceedings."

The long judicial controversy in the divorce case was finally disposed of by the trial court's judgment in defendant's favor, which was affirmed in 28 Cal.2d 406. In respect to the order now appealed from, this also should be given finality and the entire matter set at rest.

The order is therefore affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied January 6, 1948, and appellant's petition for a hearing by the Supreme Court was denied February 9, 1948.