[Civ. No. 53698. Second Dist., Div. Three. May 22, 1979.]

LEWIS W. EVANS, Plaintiff and Appellant, v.
JOHN N. GALARDI et al., Defendants and Respondents.

**COUNSEL**

Caputo, Liccardo, Rossi & Sturges and Robert S. Sturges for Plaintiff and Appellant.

Hodge & Skoog and John R. Skoog for Defendants and Respondents.

## OPINION

COBEY, Acting P. J.—Plaintiff, Lewis W. Evans, appeals from an order settling and approving a final account and report of a receiver (David L. Ray) and from an order taxing one-half of the fees and other costs of the receiver to plaintiff and denying his motion for attorney's fees. The appeal lies. (Code Civ. Proc., § 904.1, subd. (b).)

Plaintiff confines his only brief filed with this court to argument and authority in support of his contention that all of the receiver's fees and other costs should have been assessed against defendants, John N. Galardi and Richard E. Hodge. We therefore deem the remainder of his appeal abandoned.[1] (See *Lotts* v. *Board of Park Commrs.* (1936) 13 Cal.App.2d 625, 636 [57 P.2d 215]; *Truelsen* v. *Nelson* (1941) 42 Cal.App.2d 750, 755 [109 P.2d 996].)

Defendants also seek to challenge the legal propriety of the second order (the one taxing costs) insofar as it burdens them, but since they did not appeal from this order they may not do so. ■ Under Code of Civil Procedure section 906, they may show only that any legal error with respect thereto was not prejudicial to plaintiff.

### FACTS

Plaintiff was awarded judgment in an action on an unpaid promissory note for the recovery of monetary damages against defendants. Pursuant to Corporations Code section 15522, subdivision (1), of the Uniform Limited Partnership Act, on application of plaintiff and over the objection of defendants, the trial court in the latter part of 1973 charged their interest as limited partners in the limited partnership known as El Dorado Improvement Co. with payment of the judgment and appointed in connection therewith the aforementioned Ray as receiver. This charging order, rather than a writ of execution, represented an appropriate means by which plaintiff could reach defendants' share of the profits of the partnership. (See *Evans* v. *Galardi* (1976) 16 Cal.3d 300, 309-311, fns. 12, 14 [128 Cal.Rptr. 25, 546 P.2d 313].)

On May 9, 1977, Ray filed his final account and report as receiver. In this account he sought compensation of $5,811.50 and reimbursement for costs advanced of $267.92. He also listed unpaid expenses of $209.50.

---

[1]Similarly plaintiff requests his attorney's fees on appeal, but he has cited no authority for granting this request. We therefore deny it.

On August 19, 1977, the trial court filed its order settling and approving Ray's final account and report as receiver. In this order the court expressly approved and confirmed "all accounts and actions of said Receiver" and allowed Ray in full the compensation, reimbursement and payment of unpaid expenses that he sought, with the further direction that plaintiff was liable therefor, with the right to seek recovery thereof from defendants.

On August 31, 1977, plaintiff filed his cost bill for costs after judgment in the full amount of the receiver's fees and other costs allowed—namely, $6,288.92. Defendants then duly moved to tax these costs in their entirety to plaintiff.

On November 8, 1977, the trial court filed its second order under appeal in which it taxed one-half of the costs of the receivership—namely, $3,144.46 to plaintiff and the other half of these costs to defendants.

## DISCUSSION

■ The right to costs is purely statutory. (Code Civ. Proc., § 1021; *Williams* v. *Atchison etc. Ry. Co.* (1909) 156 Cal. 140, 141 [103 P. 885]; *Christenson* v. *Cudahy Packing Co.* (1927) 84 Cal.App. 237, 238 [257 P. 906].) Plaintiff, as the prevailing party in an action to recover money or damages, is entitled to his costs of course. (Code Civ. Proc., § 1032, subd. (a).)

Code of Civil Procedure section 1032.6 provides that in superior, municipal and justice courts a judgment creditor is entitled to the costs and necessary disbursements of proceedings taken by him in aid of executing upon any judgment rendered therein. ■ The charging order receivership before us is not, strictly speaking, in aid of execution, but, as suggested by our Supreme Court in the earlier appeal in this case (*Evans* v. *Galardi, supra,* 16 Cal.3d 300, 309-310, fns. 12, 14), it clearly serves the same function as a writ of execution. (See *McCutcheon* v. *Superior Court* (1933) 134 Cal.App. 5, 8 [24 P.2d 911].) Furthermore Code of Civil Procedure section 1033.7, subdivision (f), provides for the inclusion by a judgment creditor in his cost bill of "Costs or disbursements incurred in connection with any proceeding supplementary to execution which have been approved as to necessity, propriety, and amount by the judge or referee conducting the same in his order upon such proceeding."[2]

---

[2]Defendants claim that the receiver's costs in this case were not judicially approved "as to necessity, propriety, and amount." We disagree. As already noted, the trial court in its

We think the manner in which the costs of receivership should be taxed in this case is entirely a question of statutory interpretation. Under section 1032, subdivision (c),[3] the costs of a receivership established in connection with, for example, either a partnership dissolution or a marital dissolution may be apportioned between the parties. (See *Luchs* v. *Ormsby* (1959) 171 Cal.App.2d 377, 381, 389 [340 P.2d 702]; *Baldwin* v. *Baldwin* (1947) 82 Cal.App.2d 851, 852-853, 856 [187 P.2d 429].) This may not be done, however, with regard to a charging order receivership because of the aforementioned subdivision (a) of the same section directing that "in an action for the recovery of money or damages" costs are allowed, of course, to a plaintiff upon a judgment in his favor.

■ In sum, the statutes on costs do not expressly mention a charging order receivership, but, as we have already indicated, it seems to us that the costs of such a receivership must be allowed, "of course," to a plaintiff judgment creditor under the aforementioned Code of Civil Procedure sections 1032, subdivision (a), 1032.6, and 1033.7, subdivision (f). We so hold.

#### DISPOSITION

The order of the trial court taxing the costs of the charging order receivership equally as between plaintiff and defendants is vacated and the trial court is directed to make and enter instead an appropriate order taxing all the costs of the receivership to defendants. Plaintiff shall recover his ordinary costs on appeal.

Allport, J., and Potter, J., concurred.

---

order settling and approving the receiver's final account and report expressly approved and confirmed "all accounts and actions of said receiver."

Defendants point out that section 1033.7 also requires the claimant of costs to serve and file his cost bill not more than six months after each item has been incurred and prior to the time the judgment is fully satisfied, and that plaintiff did not comply with either of these requirements with respect to the costs of the receivership. Again we do not agree. Plaintiff filed his cost bill within six months after the judicial allowance of these costs, which we think is sufficient. It is true that in November 1974 the parties to this litigation entered into a written agreement regarding satisfaction of judgment, but they expressly reserved therein the question of whom should be taxed with the costs of receivership.

[3]This subdivision reads: "In other actions than those mentioned in this section costs may be allowed or not, and, if allowed, may be apportioned between the parties, on the same or adverse sides, in the discretion of the court."