[Civ. No. 18709.    Second Dist., Div. Two.    Oct. 11, 1951.]

ALICE M. DOCKWEILER et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

William K. Young for Petitioners.

Harold W. Kennedy, County Counsel, John B. Anson, Deputy County Counsel, and Guy Richards Crump for Respondent.

MOORE, P. J.—Petitioners demand a peremptory writ of mandate commanding respondent to proceed with the hearing and determination of a petition for ratable distribution. The alternative writ was granted on the representation that the respondent had, in the course of the hearing of the petition, announced that it was without authority to determine the issues raised by the petition and answer and had "declined to proceed further with respect to the hearing and determination thereof."

It appears that in the *Estate of Herbert R. Macmillan, deceased,* a matter pending before respondent court, a petition for ratable distribution alleged that the estate owned 47 per cent of the lessee's interest in the Thrash lease for oil and gas; that by virtue of a contract between the heirs at law of the intestate decedent such interest was to be distributed to petitioners and Malcolm R. Macmillan, share and share alike; that time for filing claims had expired and that following a ratable distribution adequate assets would remain with which to pay unpaid claims and costs of administration and that an indebtedness incurred by the administrator had been paid or could be offset. After Malcolm R. Macmillan had declined to file a petition for ratable distribution or to participate in the proceedings therefor the administrator filed his answer disclaiming any objection to petitioners' request except that if it be granted it be subject to petitioners' assuming an indebtedness to Gordon Macmillan in the sum of $37,000 loaned by him to the administrator.

In the course of the hearing of the petition the judge stated that he was convinced that the petition was not properly one for ratable distribution but that it could be treated as a petition for partial distribution and that such distribution might be ordered, on condition that a bond commensurate with the value of the property to be distributed be executed and delivered to the administrator; that the petition "is not really a petition for ratable distribution for the reason that ratable distribution means proportionate distribution to all the heirs and not to just those who seek to get their portion of the estate . . . ratable distribution contemplates that all of the

heirs will get a proportionate share of what they are entitled to, and this petition seeks distribution to two heirs who are interested in this forty-seven per cent of the Thrash lease. So it cannot be granted as a ratable distribution . . . this petition could be treated as one for partial distribution . . . to these heirs, provided they will put up a bond in an amount which the Court deems appropriate under the circumstances. If the petitioners do not desire to put up a bond, I will have to deny the petition because it is not a proper statutory proceeding . . . I will give you both the opportunity to do some research on the subject, so the court will be advised as to whether or not it can make an order for partial distribution . . . and I will take the matter under submission until a week from today. In the meantime you may submit such authorities as you wish to . . . The matter is under submission and you may submit such authorities, both of you, as you deem are appropriate . . . The matter will be submitted.''

Three days later the petition herein was filed.

▮ From the record of the hearing on the petition it is established that the court did not refuse to exercise its jurisdiction. Although the judge indicated that he was not overwhelmed with the conviction that the petition could be treated as one for ratable distribution because in order to make such a distribution it must be shown that all the debts are fully paid or secured by mortgage, still he gave no indication that he would not act upon the petition. While it is true that he displayed an unfriendliness toward the idea of making a ratable distribution to all three heirs on a petition which sought distribution to only two of them, yet such expressions do not constitute a denial of jurisdiction. As long as the court was willing to make some definitive order in the matter, it was exercising its power to decide the issue. ▮ Because jurisdiction is the power to act either correctly or erroneously, this court cannot interfere with respondent in either granting a partial distribution or in denying distribution of any kind.

▮ If a trial court acts upon and denies a petition for ratable distribution, mandamus will not lie; but if it refuses to act where a matter is properly before it, a writ of mandate will issue to compel action. ▮ But mandamus will not compel an inferior court to act in a particular manner ''unless the situation presented is one in which the court can exercise its discretion in but one way.'' (*Lissner* v. *Superior Court*, 23 Cal.2d 711, 714 [146 P.2d 232].) In the cited decision, Lissner had been appointed receiver in the Baldwin divorce

action and was ordered to reduce a claim of Baldwin to possession. He thereupon petitioned the probate court for a ratable distribution of Baldwin's legacy. The probate court declined to take jurisdiction while laboring under the misconception that the judge who had tried the divorce action in which Lissner was appointed receiver should make a determination. The court having "declined to assume jurisdiction over the matter of ratable distribution," established a "proper factual base for the intervention of mandamus."

The court requested counsel to file points and authorities and took the matter under submission. Any decision that might have been rendered could have been appealed (Prob. Code, § 1240), thereby obviating the resort to an extraordinary remedy. That the instant petition was destined to be a fruitless venture is shown by the court's decision in *Lissner* v. *Superior Court* wherein it is held that the only direction that could go down to respondent would be "to hear and determine the issues raised by the pleadings filed in connection with the petitioner's application for ratable distribution and to render *such judgment or order thereon as it may be advised.*" (P. 719, *ibid.*)

It is ordered that the alternative writ be and is discharged, and that a peremptory writ is denied.

McComb, J., concurred.

A petition for a rehearing was denied October 17, 1951, and petitioners' application for a hearing by the Supreme Court was denied December 6, 1951.