[S. F. No. 18820.   In Bank.   July 7, 1953.]

THE ATTORNEY GENERAL, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondents; F. O. HATCH, as Guardian, etc., Real Party in Interest.

Edmund G. Brown, Attorney General, W. R. Augustine and Wayne D. Hudson, Deputy Attorneys General, for Petitioner.

No appearance for Respondents.

Robert E. Hatch for Real Party in Interest.

SPENCE, J.—Petitioner seeks a writ of mandate to compel the respondent court to proceed with the determination of the persons entitled to distribution of an estate. ▇ The record, however, does not justify the issuance of the writ, which is available only "where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." (Code Civ. Proc., § 1086.)

The estate of Ethel C. Quinn is in the process of probate pursuant to the terms of her holographic will. As here material, certain money was left "in trust" to the testatrix' husband and another, and "at their deaths . . . to charity." Both legatees predeceased the testatrix. Thereby, according to the attorney general as petitioner herein, when the will came into effect a charitable trust was established, with the corpus thereof a resource of this state and subject to his protection as representing the public. The attorney general therefore intercepted the probate proceedings by petitioning the court, under section 1080 of the Probate Code, to determine who are entitled to distribution of the estate. The matter came on for hearing and in the course thereof, one of the heirs challenged the jurisdiction of the court. Thereafter the court by minute order ruled: "Petition of Attorney General to determine interest denied under section 1080, Probate Code; the Attorney General has no standing to petition as an Heir." The attorney general then brought this mandamus proceeding to compel the respondent court to resume its hearing on his petition "for the determination of interest in the estate." ▇ Since the record does not present a factual basis for the intervention of mandamus, the merits of the attorney general's position as to the will's establishment of a valid, enforceable charitable trust and his status as a proper claimant under the mentioned code section will not be considered.

The record shows that a hearing was had on the heirship petition and thereafter the order of denial was made declaring that the attorney general had no standing as an heir to

make such petition. The court did not base its denial upon an assumed lack of power to adjudicate the heirship issue, so that there was a refusal to act and an undisposed of matter awaiting decision (*cf. Lissner* v. *Superior Court,* 23 Cal.2d 711, 715-716 [146 P.2d 232]), but rather the denial indicates that the court, in the exercise of its jurisdiction, entertained the petition and made disposition thereof on the merits.

Now the attorney general seeks to compel the court "to rehear and redetermine and reverse its ruling on a question of law in a cause it *has* heard and determined," which purposes are not the function of the writ of mandate. (*Lincoln* v. *Superior Court,* 22 Cal.2d 304, 314 [139 P.2d 13].)

Petitioner's medium for presenting his objections to the adverse order lies in an appeal. Insofar as here pertinent, section 1240 of the Probate Code provides: "An appeal may be taken . . . from an order . . . determining heirship or the persons to whom distribution should be made or trust property should pass; . . . [or] refusing to make any order heretofore mentioned in this section; . . .." As a final determination of the heirship petition, the order of denial here was in effect the refusal to make an order within the express language of the code section. (*Lincoln* v. *Superior Court, supra,* 22 Cal.2d 304, 315.) There is nothing in the record which would indicate that the legal remedy by appeal would not be speedy and adequate under the circumstances. (*Phelan* v. *Superior Court,* 35 Cal.2d 363, 366 [217 P.2d 951].)

The alternative writ of mandate is discharged and the petition for a peremptory writ is denied.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., and Schauer, J., concurred.

Petitioner's application for a rehearing was denied July 28, 1953.