43 Cal.2d 785 (1955)
Estate of ETHEL C. QUINN, Deceased. EDMUND G BROWN, as Attorney General, etc., Appellant,
v.
PRESTON HATCH, as Guardian, etc., Respondent.
S. F. No. 18964. 
Supreme Court of California. In Bank. 
Jan. 14, 1955.
 Edmund G. Brown, Attorney General, W. R. Augustine and Wayne D. Hudson, Deputy Attorneys General, for Appellant.
 Robert E. Hatch and Leighton Hatch for Respondent.
 SPENCE, J.
 This is an appeal by the attorney general from an order denying his petition to determine heirship. (Prob. Code, 1080.) He previously attacked this ruling in a mandamus proceeding, contending that the superior court sitting in probate had erroneously failed to take jurisdiction of the heirship issue. We held that the court had acted in disposition of that issue when it determined that the "attorney general [had] no standing to petition as an heir"; and we further held that his remedy lay in an appeal from the adverse order. (Attorney General v. Superior Court, 41 Cal.2d 249 [259 P.2d 1].)
 The testatrix by her will left certain money "in trust" to her husband and another, and "at their deaths ... to charity," naming neither a specific charity nor a trustee. Both legatees predeceased the testatrix. The will was admitted to probate. Thereafter the attorney general filed his "petition for the determination of interest in the estate," alleging that the will created a public charitable trust, which would not be allowed to fail for want of a trustee (Estate of DeMars, 20 Cal.App.2d 514, 516 [67 P.2d 374]; Estate of Clippinger, 75 Cal.App.2d 426, 434 [171 P.2d 567]; see 14 C.J.S. 27, p. 460), and that he, acting for the state as parens patriae, sought to protect that trust. (People v. Cogswell, 113 Cal. 129, 136 [45 P. 270, 35 L.R.A. 269]; see 5 Am.Jur. 17, p. 246; notes 62 A.L.R. 882; 124 A.L.R. 1237, with cases cited.) Respondent, an heir who would inherit the estate in the event of intestacy, objected to the attorney general's petition on the ground that he was not authorized to initiate such proceeding for the determination of the heirship issue. We have concluded that respondent's position was well taken, and that the court's order denying the attorney general's petition must be affirmed. *787
 Probate Code, section 1080, provides: "When the time to file or present claims against the estate has expired, and a petition for final distribution has not been filed, the executor or administrator, or any person claiming to be an heir of the decedent or entitled to distribution of the estate or any part thereof may file a petition setting forth his claim or reason and praying that the court determine who are entitled to distribution of the estate."
 [1] "Probate proceedings being purely statutory, and therefore special in their nature, the superior court, although a court of general jurisdiction, is circumscribed in this class of proceedings by the provisions of the statute conferring such jurisdiction, and may not competently proceed in a manner essentially different from that provided. (Smith v. Westerfield, 88 Cal. 374, 379 [26 P. 206].)" (Estate of Strong, 119 Cal. 663, 666-667 [51 P. 1078]; see, also, McPike v. Superior Court, 220 Cal. 254, 258 [30 P.2d 17]; Bales v. Superior Court, 21 Cal.2d 17, 24 [129 P.2d 685]; 13 Cal.Jur.2d 10, p. 463.) [2] In view of these basic principles, the attorney general cannot prevail in his claim that he is authorized by statute to initiate the heirship proceeding. He is not the "executor or administrator" nor one "claiming to be an heir ... or entitled to distribution," and therefore he is without the class of persons authorized by statute to file the initiating petition. (Prob. Code, 1080.)
 However, this conclusion does not mean, as the attorney general suggests, that he would thereby be deprived of the opportunity to litigate the merits of his claims as to the validity of the charitable trust and the required appointment of a trustee for purposes of its administration. In the event that one of the authorized persons, such as an heir, should file the initial heirship petition, the attorney general might properly appear and urge the claim which he attempts to have litigated here. Likewise it would be appropriate, in the event that distribution should be sought, for the attorney general to appear and seek an adjudication of these same matters. The intervention of the attorney general in such circumstances would be proper under the broad language permitting the intervention of anyone "who has an interest in the matter in litigation." (Code Civ. Proc., 387; see Prob. Code, 1233; In re Los Angeles County Pioneer Society, 40 Cal.2d 852 [257 P.2d 1].) But no such broad language is found in section 1080 of the Probate Code, where the authority to initiate the heirship proceeding is strictly limited as above *788 indicated. We therefore conclude that the attorney general had no authority to initiate this proceeding.
 The order is affirmed.
 Gibson, C.J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.