[Civ. No. 5920.   Fourth Dist.   Feb. 20, 1959.]

Estate of GIOVANNI VAI, Deceased.   TRANQUILLA VAI, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Trustee, etc., Respondent.

Martin & Camusi and Kenneth D. Holland for Appellant.

George M. Breslin, Michael G. Luddy, Henry G. Bodkin, Jr., and E. E. Hitchcock for Respondent.

SHEPARD, J.—In this cause appellant Tranquilla Vai is the widow of the deceased Giovanni Vai. They married in Italy in 1907 and after coming to America as practically penniless immigrants in 1912, acquired substantial community property. In 1953, they signed a property settlement agreement but were never divorced.

February 14, 1957, Giovanni died and his will was admitted to probate on petition of the named executors in the Superior Court of San Bernardino County, where said probate matter is still pending. March 18, 1957, the widow-appellant filed an action in the Superior Court of Los Angeles County asking for rescission of said property settlement agreement on the ground that appellant was induced to sign it through fraud and coercion. She named as defendants, among others, the executors and the testamentary trustee named by said deceased's will, which is under probate in San Bernardino County. On August 9, 1957, the appellant filed in said probate matter in the San Bernardino Superior Court her "Petition for Decree Determining Interests in Estate." In the rescission matter in Los Angeles County, said executors were never served but, after appellant's petition for heirship proceedings was filed in the San Bernardino County probate proceedings, said executors and trustee voluntarily appeared in the rescission action in Los Angeles County and the cause was set for trial. The material allegations relating to marriage, acquisition of property, signing of property settlement agreement, fraud, coercion, and appellant's claimed community and heirship interest are substantially the same in both the complaint for rescission in Los Angeles County and the heirship petition filed in probate proceedings in San Bernardino County.

After the rescission case had been set for trial in Los Angeles County, said executors and trustee interposed in the San Bernardino heirship proceedings the plea of "another action pending" by which they sought a temporary order that said heirship proceedings should be suspended until the rescission action in Los Angeles County could be tried and determined. The nature of this allegation was that the Los Angeles County cause had been filed by this appellant, that it was at issue and

later to be tried, and that appellant ought not to be permitted to force an heirship proceeding in the probate matter in San Bernardino County until the rescission action which appellant had herself started, initially, in Los Angeles County could be heard and determined. The Superior Court of San Bernardino County, sitting in exercise of its probate jurisdiction, upheld said plea of the executors and trustee, and signed and filed an "interlocutory judgment" by which it was ordered that there be no further trial or hearing on the "Petition For Decree Determining Interests in Estate" until a final determination of said rescission action now pending in Los Angeles County. In the interim, in order to preserve the status quo of the estate for the protection of appellant, the executors were ordered to make no final distribution of the estate property. From this interlocutory judgment the widow Tranquilla Vai appeals to this court.

Appellant and respondent present well written briefs on the several aspects of alleged priority between the heirship proceeding before the probate court and the equity action of rescission before the Superior Court of Los Angeles County, but due to our views respecting the appealability of the so-called interlocutory judgment we deem it fruitless to discuss those matters.

However much this court might desire to assist the parties by a determination of the issues they have presented, this court cannot entertain an appeal unless the right of appeal exists. (*Schlyen* v. *Schlyen*, 43 Cal.2d 361, 367 [2] [273 P.2d 897].) "Where an appeal does not lie, the appellate court has no jurisdiction to entertain the same, and may dismiss it on its own motion." (*Estate of Murphy*, 50 Cal.App.2d 440, 442 [3] [123 P.2d 129].)

Subdivision 3 of section 963 of the Code of Civil Procedure, subsequently transformed into Probate Code, section 1240, provides the only specifications of appealable matters in probate cases except on motions for a new trial. (*Estate of Armstrong*, 8 Cal.2d 204, 206 [1] [64 P.2d 1093]; *Estate of Schechtman*, 45 Cal.2d 50, 54 [5] [286 P.2d 345]; *Estate of Herrington*, 79 Cal.App.2d 389, 390 [2] [179 P.2d 650].)

The so-called "interlocutory judgment" was not a refusal to make an order mentioned in section 1240, Probate Code, but was merely a postponement of the hearing. An order refusing to postpone a decree of final distribution or an order postponing a consideration of the petition for such

a decree is not appealable. (*Johnson* v. *Superior Court*, 102 Cal.App. 178, 191 [9] [283 P. 331].)

The fact that an intermediate order of the type here referred to is not appealable does not mean that an aggrieved party is without remedy. ██ If a court refuses to act at all, or within the time prescribed by law, to either grant or deny relief in a matter in which it is that court's duty to act then a writ of mandamus will lie in proper case. (*Johnson* v. *Superior Court*, 102 Cal.App. 178, *supra*, 191 [8].) ██ If the court acts in excess of or beyond its jurisdiction a writ of certiorari will lie in proper case, and this is true in probate as in other proceedings. (*Estate of Kay*, 30 Cal.2d 215, 220 [3] [181 P.2d 1].) ██ Mandamus, of course, does not lie where in an heirship or distribution proceeding the court does, in fact, act by a final ruling that a person contending for an heirship interest has no such interest, for such a final order is appealable. (*Attorney General* v. *Superior Court*, 41 Cal.2d 249, 251 [4] [259 P.2d 1]; *Dockweiler* v. *Superior Court*, 106 Cal.App.2d 744, 746 [1] [236 P.2d 20].)

Because we are satisfied that the interlocutory judgment above referred to is a mere interim order attempting to postpone a decision, and does not come within the purview of appealable probate matters, we have no jurisdiction to consider this appeal. It is therefore dismissed.

Griffin, P. J., and Mussell, J., concurred.