[Civ. No. 32737.   Second Dist., Div. Four.   Dec. 13, 1968.]

Estate of MAUD JULIA KEUTHAN, Deceased. WILLARD M. WOOD, as Administrator, etc., Petitioner and Appellant, v. ANGELES R. KARNS et al., Contestants and Respondents.

O'Connor & Wood and Timothy M. O'Connor for Petitioner and Appellant.

Orloff & Wilner and Robert D. Wilner for Contestants and Respondents.

FILES, P. J.—This is an attempted appeal from an order of the superior court made October 5, 1967, insofar as it denied a petition for a decree of distribution. The notice of appeal also refers to those portions of the same order which deny without prejudice the administrator's application for payment of attorney fees and commissions and for a discharge of the administrator and exoneration of his bond. The latter matters are purely incidental to the decision denying distribution and require no separate discussion. The record also contains a notice of appeal from orders made April 29, 1966, and May 17, 1966, which denied a motion to dismiss and stay proceedings to determine heirship. That appeal has apparently been abandoned, as it is not discussed in the briefs.

Maud Julia Keuthan, a resident of Los Angeles County, died intestate on April 19, 1965.

Bill Earl Poff, claiming to be a nephew of the decedent, petitioned for the issuance of letters of administration to his nominee, Willard M. Wood. Harry H. Blake petitioned for letters, claiming to be a first cousin of the decedent. The public administrator also petitioned for letters, alleging that Poff was not a relative of the decedent and that there were no known heirs. There was a hearing upon these three petitions, after which, on October 13, 1965, the court made an order appointing Wood as administrator and adjudging ''That Bill Earl Poff is the child of William Andrew Poff, the brother of the decedent, and said Bill Earl Poff is the nephew, next of kin and sole heir of MAUD JULIA KEUTHAN, deceased.''

Both Blake and the public administrator appealed from that order, which was affirmed in an unpublished opinion of the Court of Appeal filed February 7, 1967.

On March 15, 1966, respondents Angeles R. Karns, Mrs. W. C. Leak, Frank Mendell and Dan Mendell, Jr. (nonresidents of California) filed a petition to determine heirship (Prob. Code, § 1080), alleging that they were first cousins of the decedent and her heirs. On April 8, 1966, Blake filed his statement of claim of interest in the estate.

On April 29, 1966, a motion to dismiss the petition to determine heirship was denied.

On August 31, 1967, the administrator filed a second and final account, a petition for payment of the balance of fees, for a decree of distribution and the discharge of the administrator and his surety. On October 5, 1967, the court approved the account as an account current, but the petition for the balance of fees was denied without prejudice, distribution was

denied without prejudice pending the determination of the heirship proceeding, and discharge of the administrator was denied.

That is the order which is attacked by the administrator on this appeal. The principal contention of the appellant administrator is that the order of October 13, 1965, made after a contested hearing, appointing an administrator and declaring Bill Earl Poff to be sole heir, is a conclusive determination that he is entitled to distribution; hence, it is argued, the estate should be distributed to him now.

Appealability of probate orders is governed by Probate Code section 1240. That section, in pertinent part, provides: "An appeal may be taken from an order . . . distributing property; refusing to make any order heretofore mentioned in this section; . . ."

In *Johnson* v. *Superior Court* (1929) 102 Cal.App. 178 [283 P. 331], the probate court refused to pass upon a contested petition for distribution pending the determination of a civil action in equity which had been brought to determine whether one of the claimants had been adopted by the decedent. The appellate court held (at p. 191) that the order postponing the consideration of the decree was not a refusal to direct distribution, and hence was not appealable. Since the appellate court was of the opinion that the order constituted an abuse of discretion, a writ of mandate issued to compel a determination by the probate court.

In *Estate of Vai* (1959) 168 Cal.App.2d 147 [335 P.2d 501], a petition to determine interests in the estate was pending in San Bernardino concurrently with a civil action brought in Los Angeles by the widow of the decedent to rescind a property settlement. The probate court in San Bernardino made an "interlocutory judgment" by which it ordered that there be no hearing on the petition until the final determination in the civil action, and in the interim, the executors were ordered to make no distribution. An attempted appeal from this order of the probate court was dismissed. The appellate court said (at pp. 149-150) :

"The so-called 'interlocutory judgment' was not a refusal to make an order mentioned in section 1240, Probate Code, but was merely a postponement of the hearing. An order refusing to postpone a decree of final distribution or an order postponing a consideration of the petition for such a decree is not appealable. (*Johnson* v. *Superior Court*, 102 Cal.App. 178, 191 [9] [283 P. 331].)"

In·the· case at bench the probate court did not pass upon the merits of the petition for distribution. It gave no reason for its order except what is implied in the statement that the petition "is denied without prejudice pending determination of petition to determine heirship." This is no more than a postponement. The order does not imply any determination as to the effect, if any, of the order appointing Poff's nominee as administrator. The words "without prejudice" eliminate any binding effect that the order appealed from might have.

The appeal is dismissed.

Jefferson, J., and Kingsley, J., concurred.