Filed 8/29/23  Wells Fargo Bank v. Stephan CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Trustee, etc. | C095797 |
| Plaintiff and Respondent, | (Super. Ct. No. SPR0010389) |
| v. | |
| DEBRA STEPHAN, as Beneficiary, et al., | |
| Defendants and Respondents; | |
| LISA BARKETT, | |
| Defendant and Appellant. | |

Appellant Lisa Barkett is one of three sibling beneficiaries of a family trust.  She appeals from two orders entered by the probate court:  (1) an order granting in part and denying in part the trustee's petition for instructions: and (2) an order denying her motion for reconsideration of the probate court's first order.  We shall conclude that neither order is appealable.  Accordingly, we shall dismiss the appeal.

1

# I.  BACKGROUND

Sylvester and Margaret Denton, now deceased, established the Sylvester and Margaret Denton 1990 Revocable Trust (the Trust) in August 1990.  The Trust designates Sylvester and Margaret's three adult children—Barkett, Debra Stephan, and Diane Malcoun—as beneficiaries in equal one-third shares.  Sylvester died in April 2013; Margaret died in November 2019.  Wells Fargo Bank, N.A. (Wells Fargo) became trustee of the Trust.

Meanwhile, trouble was brewing between the beneficiaries.  Stephan brought an action against Barkett and others in Los Angeles County Superior Court case No. 18STCV08722 (the Los Angeles action).  As relevant here, the Los Angeles action asserts causes of action for fraud and breach of contract against Barkett and directly targets her one-third share of the Trust.  Specifically, Stephan alleges Barkett orally agreed to assign her interest in the Trust to Stephan to repay a loan.  Barkett denies the existence of any such oral agreement.

Wells Fargo commenced the instant action by filing a petition for instructions pursuant to Probate Code section 17200.[1]  The petition sought instructions on several matters related to distribution of the Trust.  Among other things, the petition sought guidance as to the timing of the distribution, which had become a point of contention between beneficiaries.  According to the petition, Stephan, the plaintiff in the Los Angeles action, thought distributions could and should be made to Malcoun and herself, but Barkett should not receive anything so long as the Los Angeles action was

---

[1] Undesignated statutory references are to the Probate Code.

unresolved. Barkett and Malcoun thought all shares should be distributed to all beneficiaries immediately.[2]

Stephan objected to the petition. As expected, Stephan argued any distribution to Barkett should wait until after a judgment or other resolution in the Los Angeles action. Stephan had no objection to the immediate distribution of shares to herself or Malcoun.

Stephan contemporaneously filed her own petition for instructions. As relevant here, Stephan sought orders sustaining her objections to Wells Fargo's petition, directing Wells Fargo to distribute Stephan's share in kind, and directing Wells Fargo to hold Barkett's share pending entry of a final order on Stephan's petition for instructions or a final judgment or other resolution of the Los Angeles action, and then to distribute Barkett's share to Stephan.

Malcoun responded to both petitions for instructions. Malcoun said she was not involved in the Los Angeles action so far as the alleged oral agreement was concerned and asserted her right to receive her own share of the Trust was not at issue.[3] Accordingly, Malcoun argued her share of the Trust should be distributed immediately.

---

[2] Wells Fargo also thought distributions could be made right away. Wells Fargo explained: "The Trust specifically provides that a beneficiary's interest is not subject to voluntary or involuntary transfer, therefore, the beneficiaries' interests are not subject to enforcement of a money judgment until that interest is either paid to the beneficiary or until a petition is filed by a judgment creditor under California Code of Civil Procedure section 709.010. Here, no such petition has been filed. Thus, the Trustee cannot hold up distribution and the judgment creditor's only remedy is to pursue the judgment against the beneficiary after distribution." (See generally § 15300 ["Except as provided in [s]ections 15304 to 15307, inclusive, if the trust instrument provides that a beneficiary's interest in income is not subject to voluntary or involuntary transfer, the beneficiary's interest in income under the trust may not be transferred and is not subject to enforcement of a money judgment until paid to the beneficiary"].)

[3] Barkett filed a cross-complaint in the Los Angeles action that names Malcoun and others as cross-defendants and asserts causes of action for elder abuse, breach of contract, breach of fiduciary duty, aiding and abetting, and an accounting. However, the cross-claims against Malcoun do not appear to implicate her interest in the Trust.

3

The probate court requested and received supplemental briefing on the propriety of making an immediate distribution to a single beneficiary (Malcoun), independent of the other beneficiaries (Stephan and Barkett).[4] The probate court issued a ruling on submitted matters on November 1, 2021 (the November 2021 order). The probate court found "compelling" Malcoun's argument in favor of an immediate and independent distribution and granted Wells Fargo's petition in part with instructions to distribute her one-third share of the Trust. "All other issues," the probate court said, "including the Petition of Debra Stephan, are reserved for later determination."

Barkett sought reconsideration of the November 2021 order based on recently obtained deposition testimony from Stephan in the Los Angeles action. (Code Civ. Proc., § 1008.) According to Barkett, Stephan's deposition testimony disproved any allegation that Barkett orally agreed to assign her share of the Trust, thereby defeating a central premise of the Los Angeles action and compelling the conclusion that all shares should be distributed to all beneficiaries immediately. Barkett's motion for reconsideration did not specifically challenge the distribution to Malcoun.

Stephan and Malcoun each opposed the motion for reconsideration. Both argued Barkett failed to offer new or different facts or circumstances, as required by Code of Civil Procedure section 1008. Stephan additionally argued the motion indirectly and improperly sought summary adjudication of disputed issues in the Los Angeles action and ignored the essential point of the probate court's ruling, which was that Malcoun would receive her share right away, and the court would address distributions to Stephan and Barkett at a later date.

---

[4] Barkett thereafter submitted a series of uninvited supplemental filings purporting to bring the probate court up to date on developments in the Los Angeles action. The probate court declined to consider Barkett's unauthorized submissions, and Barkett does not argue that this was error. Accordingly, we have no occasion to consider them either.

The probate court denied the motion for reconsideration by means of an order dated January 25, 2022 (the January 2022 order). The January 2022 order set a hearing "for the purpose of scheduling a Trial Assignment Conference for trial of the remaining issues." Barkett appeals both the November 2021 and January 2022 orders.

## II. DISCUSSION

Our analysis begins and ends with the question of appealability. Prior to completion of the record, Malcoun filed a motion to dismiss Barkett's appeal on the ground that the challenged orders are not appealable and Barkett lacks standing. We denied the motion. We now revisit the issue of appealability in light of the completed record and arguments on appeal.

Code of Civil Procedure section 904.1, subdivision (a)(10) permits the appeal of orders "made appealable by the Probate Code." " 'There is no right to appeal from any orders in probate except those specified in the Probate Code.' " (*Estate of Stoddart* (2004) 115 Cal.App.4th 1118, 1126; see also *Kalenian v. Insen* (2014) 225 Cal.App.4th 569, 575-576.)

Sections 1300 and 1304 govern appealability in trust cases. Section 1300 authorizes appeals from "the making of, or the refusal to make" an order falling within any of various categories, including "[a]uthorizing, instructing, or directing a fiduciary, or approving or confirming the acts of a fiduciary."[5] (§ 1300, subd. (c).) Section 1304 authorizes appeals from the grant or denial of final orders made pursuant to section 17200, with exceptions not relevant here. (§ 1304, subd. (a).) Appealability of an order made by a probate court is determined by the substantive effect of the order, not its form. (*Estate of Miramontes-Najera* (2004) 118 Cal.App.4th 750, 755.)

---

[5] As used in the Probate Code, a "fiduciary" includes a trustee. (§ 39.)

Barkett argues the November 2021 and January 2022 (together, the orders) are appealable under section 1300, subdivision (c).[6]  Specifically, she argues the probate court refused to rule on Wells Fargo's petition for instructions, "other than agreeing that a distribution could be made to Diane Malcoun."  That refusal, Barkett says, meant that Stephan received a de facto writ of attachment without complying with the requirements of Code of Civil Procedure section 709.010, subdivision (b).[7]  With the benefit of the record and full briefing, we now conclude the orders are not appealable.

The November 2021 order expressly provides, "All other issues, including the Petition of Debra Stephan, are reserved for later determination."  By its terms, the November 2021 order defers decision on the distribution of shares to Stephan or Barkett to another time.  The January 2022 order, similarly, contemplates that Stephan and Barkett will appear before the probate court "for trial of the remaining issues," including distribution of their shares, at a future date.  Neither order can be fairly characterized as a "refusal to make" an order authorizing, instructing, or directing Wells Fargo to distribute shares to any beneficiary.  To the contrary, both orders plainly anticipate further proceedings in which additional orders would presumably be made.  We cannot say that an order reserving distribution issues for later determination is the same, in substance or effect, as an order refusing to authorize, instruct, or direct the trustee to make distributions.  (§ 1300, subd. (c).)  (See, e.g., *Estate of Hovland* (1940) 38 Cal.App.2d 439, 448 [where order appealed from probate court expressly withheld decision on matter

[6] Barkett does not argue the orders are "final" within the meaning of section 1304, subdivision (a), and we do not believe they are, so far as she is concerned.

[7] Barkett also asserts the November 2021 order "refers to . . . Stephan as a judgment creditor even though there is no judgment in her favor."  In fact, the November 2021 order indicates that Stephan purports to be a judgment creditor, not that she is one.

of abatement of legacies and reserved determination for subsequent action, question reserved for decision was not properly before reviewing court].)

   *Estate of Keuthan* (1968) 268 Cal.App.2d 177 provides a useful point of comparison. There, the probate court denied without prejudice an estate administrator's petition for payment of the balance of fees and denied distribution "without prejudice" pending determination of an heirship proceeding. (*Id.* at pp. 178-179.) The administrator attempted to appeal from the probate court's order. (*Id.* at p. 178.) The Court of Appeal dismissed the appeal. (*Id.* at p. 179.) The court explained that ordinarily, under former 1240 (a predecessor of section 1303, subdivision (g)), an appeal could be taken from an order distributing property from a decedent's estate or a refusal to make such an order. (*Estate of Keuthan, supra,* at p. 179.) But *Estate of Keuthan* was different. By denying the administrator's petition for distribution without prejudice, "the probate court did not pass upon the merits of the petition." (*Id.* at p. 180.) The probate court's order was "no more than a postponement." (*Ibid*.) As such, the order was nonappealable. (*Ibid.*; see also *Estate of Vai* (1959) 168 Cal.App.2d 147, 149-150 [order postponing consideration of petition for final distribution was not a "refusal to make an order" and was not appealable]; and cf. *Johnson v. Superior Court* (1929) 102 Cal.App.178, 191 [an order postponing consideration of petition for distribution pending determination of action to declare plaintiff to be an adopted child was not a refusal to direct distribution and was not appealable, but writ issued to compel probate court to consider issue].) The same analysis persuades us that the November 2021 and January 2022 orders are not appealable under section 1300, subdivision (c).

## III.  DISPOSITION

The appeal is dismissed.  Respondents are awarded costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

/S/

_____

RENNER, J.

We concur:

/S/

_____

EARL, P. J.

/S/

_____

HULL, J.